IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA



SHERMAN LAMONT FIELDS
#15651-180
USP TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, INDIANA
          47808


          Plaintiff,


v.

Case: 1:20-cv-02699      (F Deck)
Assigned To : Unassigned
Assign. Date : 9/22/2020
Description: Pro Se Gen. Civil

DONALD J. TRUMP
PRESIDENT OF THE UNITED STATES
THE WHITE HOUSE
1600 PENNSYLVANIA AVE. NW.
WASHINGTON, DC 20500

          and

WILLIAM P. BARR
ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE. NW.
WASHINGTON, DC 20530

          and

(REGIONAL DIRECTOR), DIRECTOR
FEDERAL BUREA OF PRISONS
U.S. DEPARTMENT OF JUSTICE
320 FIRST ST., NW.
WASHINGTON, DC 20534

          and

T. WATSON, WARDEN
U.S. PENITENTIARY TERRE HAUTE
4700 BUREA ROAD SOUTH
TERRE HAUTE, IN 47802

1

and

JOHN DOES

Individually and in their
official capacities,

Defendants.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF,
ATTORNEY FEES, AND COST OF SUIT, PURSUANT TO BIVENS V. SIX
UNKNOWN AGENTS, 403 U.S. 388, 390-97 (1971), MODEL PENAL
CODE § 5.03 (Conspiracy) and CRIMINAL MALVERSION, AND
VIOLATIONS AND THREATENED VIOLATIONS OF THE SAFEGUARDS PUT
IN PLACE UNDER GREGG V. GEORGIA, 428 U.S. 153, 187, 96
S.Ct. 2909, 49 L.Ed. 2d 859 (1976).

I.

Nature of Action

1. This action is brought pursuant to (a) Bivens v. Six Unknown Agents, 403 U.S. 388, 390-97 (1971), for (i) violations and threatened violations of the plaintiffs' rights to Due process under the Fifth and Fourteenth Amendments to the United States Constitution; (ii) violations and threatened violations of the Plaintiffs' rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution; (iii) violations and threatened violations of the plaintiffs' rights to equal protection under the Fourteenth Amendment to the United States Constitution; and (b) violations and threatened violations of plaintiffs' rights pursuant to Model Penal Code § 5.03 (conspiracy) and Criminal Malversion; and (c) violations and threatened violations of the SAFEGUARDS put in place under Gregg v. Georgia, 428 U.S. 153, 187, 96 S.Ct. 2909, 49 L.Ed. 2d 859 (1976).

2. The Plaintiff have been sentenced to death under Federal law and, unless his capital conviction and/or death sentence is overturned in another Judicial proceeding he will be murdered by defendants pursuant to actions that violate the United States Constitution and criminal law. The Plaintiff seek a preliminary and permanent injunction preventing the defendants from doing so, an Order declaring that the defendants actions violates the Fifth, Eighth and Fourteenth Amendments, and violates criminal code, procedure and statutes, and such other equitable relief as the Court deems just and proper.

3. The Fifth Amendments Due process Clause requires notice and the opportunity to be heard before the deprivation of Life, Liberty, or property. The defendants, however, plaintiff believe, is planning to do a Legal act by and through illegal means and motive in retaliation for Plaintiff exercising his First Amendment right to Freedom of Speech, in violation of the Due Process Clause.

4 The Fifth and Fourteenth Amendments Due Process Clause is Broadly defined as the Constitutional guarantee that no person shall be arbitrarily deprived of his life, liberty or property; the essence of Substantial Due Process is protection from arbitrary and unreasonable action. Babineaux v. Judiciary Commission, La., 341 So.

.2d 396, 400. Aside from all else, " Due Process means fundamental fairness." Pinkerton v. Farr, W. Va., 220 S.E. .2d 682, 687. The defendants, however, plan to murder the Plaintiffs despite an Unconstitutional breakdown in the safeguards put in place under Gregg v. Georgia that ensure fundamental fairness.

5. It is a violation of the Eighth Amendment to use the Death penalty in an arbitrary and criminal manner. Furman v. Georgia, 408 U.S. 238, 273 (1972). On information and belief, the reason defendants plan to kill plaintiff is arbitrary and criminally motivated and thus in violation of the Eighth Amendments Cruel and Unusual punishment clause.

6 It is a violation of the Eighth and Fourteenth Amendments to inflict a sentence of death under a legal system that permit this unique penalty to be so wantonly and so freakishly imposed; id. at Furman 310-313, 92 S.Ct. 2726, 33 L.Ed. 2d 346 ( White, J., concurring ). On information and belief, the defendants plan to kill the plaintiffs despite an Unconstitutional breakdown in the SAFEGUARDS put in place under Gregg v. Georgia that assure that this unique punishment won't be so wantonly and freakishly imposed.

7. The Fourteenth Amendments Equal protection Clause requires that " all persons under like circumstances be given equal protection in the enjoyment of personal rights and the prevention and redress of wrongs. In re Adoption of Richardson, 251 C.A. 2d 222, 59 Cal. Rptr-323,334; The Constitutional guarantee of " equal protection of the laws " means that no " person " or " class of persons " shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances. People v. Jacobs, 27 Cal. App. 3d 246,103 Cal. Rptr. 536, 543; 14th Amend., U.S. Const; Recently, in the United States v. Michael Flynn, defendant William P. Barr filed a motion to dismiss Federal Charges against Mr. Flynn stating in several interviews that it was because his conviction is " unfair " despite the fact that Mr. Flynn pled guilty (twice). Plaintiff, just like Mr. Flynn was convicted " unfairly " in a Federal Court; See Sherman lamont Fields v. Warden, No 2:16-cv-00418-JPH-MJD, Document 1, Filed 10/26/16 in the Southern District of Indiana ( District of Incarceration ); And where defendant William P. Barr has taken the position that Mr. Flynn should be absolved of all blame despite admitting guilt. Mr. Barr has taken the position that Plaintiff should be murdered despite the Overwhelming evidence of Plaintiffs' innocence and the fact that everything in regards to his trial and post conviction was unfair; It is a violation of the Fourteenth Amendment for defendant to declare one Federal conviction " unfair " and seek to have the charges dismissed while denying the same protection of the laws to another federally convicted person where the evidence show that he was treated " unfairly " as well.

2

8.   The Plaintiff was sentenced to death pursuant to 18 U.S.C. § 924(c), (j) which authorizes a sentence of death if the underlying crime is a " crime of violence "; Plaintiffs' underlying " crime of violence " is " escape " where he used a key to a fire escape door and walked away from a Federal jail where he was being held on firearm charges.

9   The Plaintiff was sentenced to Death pursuant to the FEDERAL DEATH PENALTY ACT or ( "FDPA") which authorizes a sentence of Death in certain circumstances. The FDPA, however, must adhere to the SAFEGUARDS put in place under Gregg v. Georgia . Due to the immense Constitutional violation(s) in Plaintiff Sherman Lamont Fields pending § 2241 in the Southern District of Indiana, at 2:16-cv-0418-JPH-MJD and

the wrongful conviction(s) and Unconstitutional Murder of the innocent by State(s) that also adhere to the same SAFEGUARDS; See Cameron Todd Willingham (5th Cir.) (Posthumous Pardon); Larry Ruffin (5th Cir.) (Posthumous Pardon); Carlos DeLuna (5th Cir.) (Posthumous Pardon) ; Timothy Cole (5th Cir.)(Posthumous Pardon); Jonathon Hoffman, Glen Edwards Chapman, and Levon "Bo" Jones (North Carolina) (exonerated); there is no doubt  that the SAFEGUARDS put in place under GREGG v. GEORGIA  is inadequate to protect against wrongful conviction, unconstitutional executions and/or the arbitrary and capricious nature of the law, and thus without " adequate safeguards " the constitutional prohibition against ' Cruel and Unusual Punishments ' would forbid [the] use " of the Death Penalty; See Ring v. Arizona, 536 U.S. 584 , 614, 122 S.Ct. 2428, 153 L.Ed. 2d 556 (2002)(Breyer, J., concurring in judgement). Without adequate SAFEGUARDS the infliction of ANY  Death Sentence is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

10.   Congress enacted the FDPA counting on the assumption that the SAFEGUARDS put in place in Gregg v. Georgia  was enough to ensure reliability, and at the time that was the general consensus, however since Gregg  further Constitutional problem(s) have emerged. In the past four-plus decades the advent of more reliable forensic techniques-particularly DNA evidence has revealed that innocent people are sentenced to death with startling frequency, and it's equally clear that executions (murder) of the innocent have actually been carried out.

The evidence is unequivocal, since 1989 more than a hundred individuals who were sentenced to death have been formally exonerated of their crimes of conviction, there have been hundreds upon hundreds more that were not sentenced to death that was exonerated. ( See National Registry of exonerations_http: //www.umich.edu/special/exoneration/pages/exonerations-in-the-United-States-Map.aspx.); ( The innocent and the Death penalty, http://www.innocenceproject.org/Content/1857.php.); (www.lawnorthwestern .edu/wrongfulconvictions/How Snitch Testimony sent Randy Steidl and other innocent Americans to Death Row); and (www.innocenceproject.org/content/Cameron_Todd_Willingham_Posthumous_Pardon_Filing_Documents.php). Since 1973 approximately

4% of death row inmates have been determined to be actually innocent. See Gross et al., Rate of False Conviction of criminal defendants.   This/These developments now render the FDPA and the Death Penalty as a whole Unconstitutional; See Marbury v. Madison, 5 U.S. 137 1 Cranch 137, 176, 2 L.Ed. 60 (1803); the exoneration and the execution(s) of the innocent unequivocally prove that the Death Penalty, in any form " abridge the rights of the people and violate the Constitution "; If the SAFEGUARDS put in place in Gregg v. Georgia  was adequate there would be no need to exonerate the innocent. NOR would the innocent would have been MURDERED via this Unconstitutional law. In continuing to carry out executions, the defendants have arbitrarily and capriciously failed to honestly and lawfully exercise their authority to enforce the Scriptures of Gregg  and its progency.


11.  Congress established a scheme that criminalizes any legal act committed or intended to be committed by and through illegal means with criminal motivation. Criminal statutes makes it unlawful to use the Death penalty as a murder weapon with criminal intent and when the perpetrators possess the required state of mind. 18 U.S.C. §§ .  The defendants intend to murder Plaintiff via lethal injection for exercising his first Amendment right to Freedom of Speech for writing a Book and a Movie in opposition to President Donald J. Trump. In doing so the defendants have arbitrarily and capriciously violated Plaintiffs' Constitutional rights.


12  The claims in this Complaint are cognizable under Bivens  and the Fifth, Eighth and Fourteenth Amendments, as well as Model Penal Code § 5.03 (conspiracy) and criminal Malversion. This lawsuit is not, and should not be treated as, a successor habeas corpus petition. See  Nelson v. Campbell, 541 U.S. 637 (2004). In this action, the plaintiff do not challenge the validity of his convictions or death sentence. Rather, he claim that the motivation behind the intended execution of his death sentence is criminal and in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and criminal law.

II.

## PARTIES

13. Plaintiff Sherman Lamont Fields is a United States Citizen and a resident of the State of Texas. He is a death-sentenced inmate in the custody of the defendants, and under the control and supervision of the Federal Bureau of Prisons, a department of the United States Department of Justice ["BOP"]. He is incarcerated at the U.S. Penitentiary in Terre Haute, Indiana. If his Capital conviction and/or death sentence isn't overturned in another judicial proceeding, the defendants will murder him in the " death house " located on the grounds of the U.S. Penitentiary Terre haute.

14. Defendant Donald J. Trump is the president of the United States. He appointed William P. Barr as Attorney General and often refers to him as " My Attorney General." He is sued here in his individual and official capacity for the purpose of obtaining declaratory and injunctive relief.

15. Defendant William P. Barr is the Attorney General of the United States. The Plaintiff was remanded into his custody upon his conviction and the imposition of his death sentence, and he is the final executive Authority responsible for carrying out sentences of death against federal prisoners. He is sued here in his individual and official capacity for the purpose of obtaining declaratory and injunctive relief.

16  Defendant (Regional Director) "Kreuger" (sic) is the Director of the BOP. As such he is charged with prescribing and directing, and is authorized to prescribe and direct, the promulgation of rules and regulations for the BOP, including the rules and regulations for conduct of prison operations and procedures.  He is sued here in his individual and official capacity for the purpose of obtaining declaratory and injunctive relief.

17  Defendant T. Watson is the WARDEN of the United States Penitentiary, Terre Haute which is the prison at which sentences of death are executed in the federal system. He is sued here in his individual and official capacity for the purpose of obtaining  declaratory and injunctive relief.

18. Defendants JOHN DOES are employed by the government in different capacities and either knowingly or by and through association joined in the conspiracy to violate Plaintiffs' Constitutional rights. The Plaintiff do not know,  and the defendants have not revealed their identities.

19.   The defendants are acting, and each of them at all times relevant hereto were acting, in their respective official capacities with respect to all acts described herein, and were in each instance acting under color and Authority of federal law. Upon information and belief, unless preliminarily and permanently enjoined, the defendants, and each of them, intend to act in their respective official capacities and under the authority of federal law in murdering the Plaintiff, in violation of the Plaintiffs' Constitutional and Statutory rights.

## III

### JURISDICTION AND VENUE

20.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, in that it arises under the Constitution and laws of the United States; Bivens, 403 U.S. at 390-97, in that it seeks to secure prospective, equitable relief directly under the Constitution, specifically the Fifth, Eighth and Fourteenth Amendments; Under 28 U.S.C. § 2201(a), in that one purpose of this action is to secure preliminary and permanent injunctive relief.

21.   This court has venue under 28 U.S.C. §§ 1391(b)(2), in that a substantial part of the events giving rise to the claims made herein-i.e., the formulation of the " plan " to murder Plaintiff via lethal injection—took place in this District Alternatively, this Court has venue under 28 U.S.C. §§ 1391(b)(3) because defendants Donald J. Trump and William P. Barr reside here.

## IV

### FACTS

22.  The Plaintiff incorporate by reference all facts and allegations contained in paragraphs 1-21.

23.  The Plaintiff was convicted and sentenced to death in 2004 in the United States district Court for the Western District of Texas. ( Plaintiff WAS NOT charged with murder.) In 2007 his conviction was confirmed on direct appeal. In 2008 the Supreme Court denied cert.; In 2010 Counsel for Plaintiff filed habeas

in the Western District of Texas and Plaintiff immediately notified the Court
that the Petition was " incomplete ". The Court didn't respond. In 2013 the
District Court denied Habeas based on an Unreasonable Determination of the facts
and Plaintiff immediately filed an Actual Innocence brief in the Fifth Circuit along
with several Motions.

Counsel for Plaintiff was told to respond and based on Counsel's response (i.e.)
Plaintiffs' " pro se motion isn't actually a "pro se" Motion, he only ask to
be able to file his brief and Motions " ). On 10/23/13 the Fifth Circuit denied
the Motion to proceed Pro Se.

24. On 10/30/13 the Fifth Circuit notified Plaintiff that they won't consider
his brief and Motions.

25. Plaintiff responded asking the Court to allow his brief and Motions to
either work in conjunction with whatever Counsel intended to file, or to allow his
"filings " to stand alone. But on 11/18/13 the Court refused again.

26. Counsel for Plaintiff had yet to file a brief and Plaintiff responded to
the Fifth Circuit stating that he don't want to rely on the unseen brief that
Counsel intended to file and asked the Court to reconsider.

27. On 12/5/13 the Fifth Circuit responded stating that only Plaintiffs' attorneys
can file on his behalf.

28. On 12/12/13 Plaintiff received a copy of the brief that Counsel filed on
his behalf and Plaintiff immediately filed a Motion for Reconsideration of his
Pro Se filings, stating that he " strenuously object " to the brief that Counsel
filed.

29. On 12/24/13 Plaintiff filed another Motion to " Reurge filings ".

30. On 1/14/2014 the Fifth Circuit entered an Order not to accept "anything"
that Plaintiff file.

Plaintiff then filed in the Supreme Court. In June 2014 the Supreme Court
notified Plaintiff that he would have to wait until the Fifth Circuit ruled on his COA.

Plaintiff responded to the Supreme Court explaining the aforementioned steps taken.
On 8/15/14 the Supreme Court informed Plaintiff that he would have to file in
the lower Courts.

That same month the Fifth Circuit denied COA based on the brief that Counsel
filed alleging that Actual Innocence isn't cognizable in their Circuit and falsely
claimed that Plaintiff didn't assert issues that he clearly did assert in the brief
and Motions that they refused to let him file Pro Se.

31. On June 4, 2015 the Supreme Court denied cert.

32. Plaintiff attempted to file in the Supreme Court again and was told that he would have to file in the " District of Incarceration."

33. Plaintiff filed here in the Southern District of Indiana and was told to inform the court how his petition fit into 2255(e).

34. Plaintiffs' 2255 attorney's attached to the Petition and unbeknown to Plaintiff they pulled the Petition out of Court. When Plaintiff eventually found out that the Petition was  no longer pending Plaintiff restructured and refiled pursuant to 2241 along with a " writ of error coram nobis " and a " writ of conspiracy ". The Court dismissed the writ(s) as being " premature " and Ordered the government to respond to the § 2241 where Plaintiff stated nine issues:

    1. He was denied his right to file a Pro Se brief and Motions.
    2. Judicial bias.
    3. Violations of Brady v. Maryland.
    4. Actual Innocence.
    5. Criminal act(s) committed by the U.S. Government.
    6. Fraud on the Court.
    7. Plaintiffs convictions/death sentence was influenced
       by passion, prejudice and other  arbitrary factors.
    8.  The antiterrorism and Effective DeATH penalty Act
        is Illegal and Unconstitutional.
    9.  The Death Penalty is Illegal and Unconstitutional.

35. Six months later in April 2017, 2255 Counsel for Plaintiff attached to the § 2241 and Amended it with a " Johnson Issue " pursuant to Johnson v. U.S., 135 S.Ct. 2552 (2015).

36. The government responded and asked the Court to dismiss Plaintiffs § 2241, both the Pro Se issues and the " Johnson issue ", or in the alternative STAY the Petition until the Supreme Court rule in the U.S. v. Davis, 139 S.Ct. 2319 The Court STAYED the Petition.

37. On 8/15/18 the Court reissued the STAY to allow the parties to attempt to reach an " agreed resolution " and Counsel flew to Texas to meet with the prosecution.

38.  Upon returning from the meeting Counsel informed Plaintiff that the government might be willing to dismiss the death penalty action if Plaintiff

agree not to challenge a -25 year sentence that he received for "carjacking".

39.  Plaintiff rejected that tentative " offer " because at trial the government lied and said " there was no fingerprints or nothing, this thing was clean ", while all the time they had twelve latent prints all of AFIS quality and they had checked the prints  against Plaintiffs prints and knew that he was not the culprit.

40.  Plaintiff countered stating " At this point I just want to go home to my family, tell them that I'll plead " No Contest " just to absolve the government of any blame, but they have to let me go and it's over with."

41.  Counsel relayed this to the government and was told that they " don't have authority to make that deal " so they will have to " take it up the chain of command to the DOJ ".

42.  In 2016 when Donald Trump was elected President Plaintiff wrote a Book ( App. 1 ) and a Movie ( App. 2 ) in opposition of Trump and sent them out to several Agents in New York and Los Angeles; When Donald Trump started going after any and everybody that write about him in a negative manner Plaintiff realized that one or several of the Agents could be Donald Trump's friends and/or supporters and notified him to the existence of the Book and the Movie so Plaintiff started writing Congress sending them copies of the Book and Movie and telling them that ( Trump ) might be coming after him; Plaintiff wrote congress through 2019.

43.  The government came back to Plaintiff after " going up the chain of command " and informed Plaintiff that the DOJ want him to " admit guilt " and " give them a statement " and they will let him live.

44.  Plaintiff responded: " I can't admit to something I didn't do. And what do they want me to do, make something up?"

45.  In June 2019 in the U.S. v. Davis, the Supreme Court ruled that the residual Clause in 924(c) is Unconstitutional and the Southern District of Indiana ordered briefing.

46. On July 25, 2019 Attorney General William Barr started the Federal Death penalty back up.

47. Also in July 2019 the Court Appointed Plaintiff new Counsel from the Indiana Public Defenders office, Plaintiff immediately informed them that Donald Trump and William Barr was coming after him and the first dates set was just "casualties" on their quest to get to the Plaintiff, explaining that it would be too obvious if they went after Plaintiff first.

9

Counsel for Plaintiff said that Trump and Barr wouldn't go after Plaintiff because Plaintiff have active Litigation.

48. Shortly thereafter Plaintiff got a letter from Republican Congressman Larry Buschon stating that Congresswoman Iyana Pressley sent him the documents that Plaintiff sent her.

It was at that point that Plaintiff realized that everytime he wrote Congress they just saw the " Indiana " address and sent it straight to Indiana Congressmen, whom all just so happen to be aligned with Donald Trump.

49. Plaintiff wrote Congresswoman Iyana Pressley again and asked her why would she send something in opposition of Trump that's seeking to have Trump investigated for possible illegal motive to a Republican Senator that could possibly alert Trump that a Death Row Inmate is seeking to have him investigated? To date there has been no response.

50. On July 29, 2020 an inmate                          informed Plaintiff that since July 25, 2019 William Barr has had a list of thirteen individuals here on Federal Death Row that he's going to kill if and/or before Donald Trump lose the election. Mr.                    said that his lawyer told him that inmates Purkay, Honken and Lee, whom was executed July 14th, July 16th, and July 17th of this year was on the list along with inmates Mitchell, Bourgeois, LeCroy, Vialva, Bernard, Nelson, Holder, Higgs, and Yes the Plaintiff, Mr. Fields.

51. The question is: How and why did Plaintiff get on that list? There are over twenty inmates that have exhausted all of their appeals and some have no Active litigation, Plaintiff have a Petition Pursuant to 2255(h) in the 5th Circuit Court of Appeals where the prosecution already admits that Plaintiffs' Death Sentence is invalid pursuant to   U.S. v. Davis; Supra.  Petitioner also have a petition pursuant to § 2241 here in the Southern District of Indiana ( Actual Innocence ); there is no reason why Plaintiff should be on that execution list UNLESS there is criminal motivation behind it.

52. It's a proven fact that Donald Trump go after everyone whom dare " cross him ", and he has blatantly sicked " his " Attorney General William Barr on those that he consider to be an " enemy " or a " threat " to his political career. On too many occassions to count Trump have " went after " American Citizens and pushed William Barr to flaunt the RULE of law for his benefit:

- Just recently the DOJ had Trump's Ex Attorney Michael Cohen sent back to prison because he refused to sign a declaration stating that he won't release a book about Trump.

- Trump attacked a Federal Judge claiming that he couldn't do his job " because he's mexican ".

- Trump attacked his own Niece for writing a book about him.

- Trump attacked John Bolton for writing a book about him.

- Trump Attacked Amorosa Manigault (sic ) for writing a book about him.

- Trump repeatedly attack the Media for pointing out his blatant lies.

- Trump attacked Senator Mitt Romney for voting against him.

- Trump attacked Senator John Mccain for not supporting him.

- Trump attacked his own Attorney General Jeff Sessions for not " protecting him."

- Trump has attacked several Justices on the Supreme Court

And the list goes on and on. Due to Trump's pattern of revenge attacks, his constant blatant lies about his wrongdoing, and William Barr's propensity to " protect Trump " by any and all means necessary it would be a deriliction of duty to allow Trump and Barr to keep using the Death penalty as a murder weapon with evil and corrupt motive; To believe that Republican Congressmen  that know about a Book and a Movie in opposition of Trump and didn't alert Trump and Barr about its existence during this phase of Partisan politics, where they continue to vote with him, promote his agenda...even when it's wrong, and protect him by trying to discredit anyone that accuse him of anything, then there is a WILLFUL BLINDNESS to the truth; And to know that Trump attack everyone else personally and by and through  " his " attorney General William Barr, but choose to ignore Plaintiff and his Book and Movie is again, WILLFUL BLINDNESS to the truth. Again, how did an inmate with a pending Actual Innocence petition get picked to be "executed " before even some people with nothing pending in Court? The answer lies in Trump and Barr's erratic behavior and this Court have a duty to find the truth.

11

53   In Lackey v. Texas, 514 U.S. 1045, 115 S.Ct. 1421, (quoting Gregg ), the Court held that the Eighth Amendment does not prohibit Capital Punishment because, (1). The Death Penalty was considered permissible by the Framers, see Id., at 177, 96 S.Ct., at 2927 (opinion of Stewart, Powell, and Stevens, JJ.) and (2). The Death penalty might serve " two principle social purposes: retribution and deterrence," id. at 183, 96 S.Ct., at 2929-2930. However that " argument/opinion" should no longer be permissible. The Framers of our Constitution had some Good ideals and some very very bad ideals, and just like Slavery ( a punishment that our Framers also considered permissible ), the Death penalty is one of those very very bad ideals. The parallel between the two is uncanny; slavery, just like the death penalty was born out of, what would be today a violation of the United States Constitution. When the " Framers " implemented the Death penalty minorities and women alike were both suppressed, neither could vote. thus the Death penalty is the " brainchild" and was considered "permissible" by the Anglo American male, and the Anglo American male alone, which violates the equal protection Clause of today and substantial Due Process, and it renders the Death penalty Cruel and Unusual. Just because the " modern day framers " went in and tweaked the Constitution it doesn't mean that the Death penalty is now fair and balanced and it don't still victimize the people, as evidenced in the many exonerations and Unconstitut-ional murders of the innocent via lethal injection. If you build a new home on a broken foundation that house is still doomed to fail; That's exactly what we are dealing with today. If in fact, Donald Trump and William Barr is indeed carrying out these executions as many many news reports suggest, then it's not for the purpose of retribution and deterrence; Lackey; Supra, but it's for the purpose of attempting to further their own self interest in the political arena, which in and of itself defies the Scriptures of Gregg, thus further proving that the SAFEGUARDS is inadequate to do what they were intended.

54   Plaintiff Sherman lamont Fields was sentenced to die in the Western District of Texas ( Waco Division ) (5th Cir.). Fields have always maintained that he is innocent of the crime(s) of conviction. id. at Sherman lamont Fields v. Warden, 2: 16-cv-0418 JPH-MJD § 2241 (Pending) in the Southern District of Indiana. In that petition Plaintiff not only points out who the real culprits of the crimes are, along with sufficient evidence to back it up. BUT Plaintiff also put forth voluminous evidence showing that he was FRAMED for the crime(s) of conviction by police, prosecutors and " Crooks " whom the government hired to lie, but Plaintiff also put forth evidence of Judicial Bias at trial and on appeal, Brady violations, Fraud  on the Court(s) and criminal act(s) committed by the prosecution and their cabal.

The Chief Judge of the Southern District of Indiana found Plaintiffs allegations persuasive enough to allow Plaintiff to " pursue his Actual Innocence claim " . In Fields case the prosecution lied and said that there were no fingerprints when there were ( that don't match Plaintiff ); The prosecution lied and said that they didn't find blood in the vehicle that Plaintiff was driving on the night of the murder because the car " looked wiped down or detailed ", while knowing all along that the car WAS NOT CLEAN and Forensics have technology that would have still found blood even if that were true. The prosecution helped the real murderer(s) conceal the car that they were driving when the murder occured by lying and saying that the car was BLUE, while evidence and a two year old delay and admission from one of the murderer(s) admits that they were in a GOLD car;

When Plaintiff impeached one of the murderers about her testimony that Plaintiff called her and " told her " very graphic details of the murder that only the killer would know, the prosecutor blatantly defrauded the Court claiming that the phone records that Plaintiff presented to prove that the prosecutions Star Witness was lying did not show the call  " because phone records only show calls to and from cell phones ";

The trial Judge was friends with the attorney for the victim family and did everything he could to prevent Plaintiffs exoneration,  even " making " Plaintiff proceed pro se at trial even though Plaintiff said, " Your Honor I can't do this, I'm not learned in the Law". Then on appeal Plaintiff drew Judge Edith Jones, a 5th Circuit Judge that said that " Black people are predisposed to violence ", " Black males are the most violent ", " No one is innocent ", and she and the trial Judge both Unconstitutionally denied all of Plaintiffs appeals based on an unreasonable determination of the facts and the law.


55   Even with the " death is different " standard, and the standard of " heightened reliability " nothing can protect against the deliberate, intentional, knowing and willful disregard of the SAFEGUARDS put in place to protect against  wrongful conviction and or place the death penalty in a zone to make it fair where it's not arbitrarily and capriciously imposed or executed. Nor can any SAFEGUARD protect against the knowing, intentional,  willful and deliberate choice of human error. When a Politician can come in and " kill people at will " in order to prop up his political career the death penalty is no longer being utilized for what it was intended to do, now it's being maliciously executed and this allows for people with Unconstitutional motive to use this Constitutional law in a criminal and Unconstitutional manner; For those reasons and more the death penalty should be deemed Unconstitutional.

V.

First Claim: FIFTH AMENDMENT VIOLATION-DENIAL OF DUE PROCESS

**56**. Plaintiff incorporate by reference the allegations of paragraphs 1 through 55.

**57**. The FIFTH AMENDMENT prohibits the federal government from deepriving a person of Life, Liberty, or property without Due Process of law. The Constitutional protections encompassed by the Due Process Clause do not abate at the time of imprisonment. Hudson v. Falmer, 468 U.S. 517,__, 104 S.Ct. 3194, 3206, 82 L.Ed. 2d 393 (1984) ( O'Conner, J. concurring ). However, this is where it gets tricky. According to the law the government have a right to execute a prisoner that is sentenced to death once his § 2255 is final...BUT the government DO NOT have the right to commit MURDER in the Pretense of Justice as Plaintiff allege. " Aside from all else " Due Process " means fundamental fairness," Pinkerton v. Farr, W. Va..; 220 S.E. 2d 682, 687; There is nothing " fair " about a "criminally motivated" execution. In fact, an execution that's arbitrarily and capriciously carried out is MURDER in the criminal sense, this kind of official conduct involves the willfully illegal exercise of discretion, and it implicate substantial Due Process because it affects Plaintiffs' right to be free of the Abuse of Power; See Rochin, 342 U.S. at 172; Black v. Lane, 22 F.3d 1395, 1403 (7th Cir. 1994); Cale v. Johnson, 861 F.2d 943, 949 (6th Cir. 1988); Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988). Both Donald J. Trump and William P. Barr both are in the ultimate position(s) to Abuse their power   and Petitioners assertion that they are " After him " because of the Book and Movie that he wrote about Trump is typical of this Administration and not farfetched at all, and in line  with everyone else whom Trump has attacked for exercising their first Amendment right to Free Speedch.

   " An act taken in retaliation for the exercise of a Constitutionally protected right violates the Constitution. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84, 50 L.Ed. 2d 471, 97 S.Ct. 568 (1977); Matzker v. Herr, 748 F.2d 1142, 1150 (7th Cir. 1984), limited on other grounds, Salazar v. City of Chicago, 940 F.2d 233, 240-41 (7th Cir. 1991). Plaintiffs' allegations adequately set forth a chronology of events from which retaliation may be inferred. See Black, 22 F.3d at 1399.  And failure to intervene will not only result in a fundamental miscarriage of Justice, but the Court, albeit unknowingly will also be Aiding and Abetting criminal homicide.

" The touchstone of Due Process  is protection of the individual against arbitrary action of government." See, e.g., Wolff v. McDonnell, 418 U.S. 539, 558 (1974); Fuentes v. Shevin, 407 U.S. 67, 82 (1972) ( the procedural Due Process guarantee protects against " arbitrary takings " ); ( even if the " taking " is the arbitrary taking of Life ); Daniels v. Williams, 474 U.S. 327, 331 ( the substantive Due Process guarantee protects against government power arbitrarily and oppressively exercised.) The defendants, acting under Color of Federal law plan to murder Plaintiff in the Pretense of Justice for exercising his right to freedom of speech in violation of the Due Process clause.


58    The defendants, acting under color of federal law, have  refused to abide by the Scriptures of Gregg v. Georgia, by pressing forward with these executions despite the breakdown in the SAFEGUARDS put in place to ensure fundamental fairness.


## VI.

SECOND CLAIM: EIGHTH AMENDMENT VIOLATION-CRUEL AND UNUSUAL PUNISHMENT.


59. Plaintiff incorporate by reference the allegations of paragraphs 1 through 58.

60. The Eighth Amendment forbids the willful, arbitrary, purposeful and capricious use of the Death Penalty to commit criminal homicide.

61. As the Supreme Court has ruled " prisoners " that is " the victim of an officials Abuse of Power would have to bring a claim under the Eighth Amendment. Hudson, 468 U.S. at 530; Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir. 1995), cert. denied, Johnson v. Sheahan, 136 L.Ed. 2d 397, 117 S.Ct. 506 (1996); Williams v. Boles, 841 F.2d 181, 183 (7th Cir. 1988). There is no greater and unprecedented Abuse of Power than the President of the United States and the Attorney General conspiring to MURDER a prisoner for exercising his freedom of speech in opposition to the President, in a way as to make the MURDER " appear " legal. Yet as Judge Friendly and Judge Nelson have observed, " the rubric of punishment is ill-suited to covering a vindictive and anarchic act..." Johnson v. Glick, 481 F.2d 1028, 1032 (2d Cir. 1973) (Friendly, J.)  In Whitley v. Albers, 475 U.S. at 314, the Court held that the punishment was " deliberately administered " where a prison guard wrongly shot a prisoner, that bar is pretty low in comparison to Plaintiffs case.

Here in Fields' case, unlike Whitley there will be no recovery for Trump and Barr's actions because Plaintiff will be deceased. An act such as this that's motivated by evil motive and intent and involves the reckless and callous indifference to Plaintiffs' right to be free of the Abuse of Power " shocks the conscience " and violates the Plaintiffs' Constitutional Rights to be free from arbitrary, capricious, cruel and Unusual Punishment, which right is secured and guaranteed to Plaintiff by the Eighth Amendment of the United States Constitution.

62   The Eight Amendment forbids the government, in carrying out a death sentence where the evidence show ( www.innocenceproject.org/content/Cameron__Todd__Willingham__ Posthumous__Pardon__Filing__Documents.php ) that the SAFEGUARDS put in place under GREGG v. GEORGIA is no longer adequate; See Ring v. Arizona, 536 U.S. 584-, 614, 122 S.Ct. 2428, 153 L.Ed .2d 556  (2002 ) ( explaining that without adequate SAFEGUARDS, " the constitutional prohibition against ' cruel and unusual punishments ' would forbid [the] use " of the Death penalty.)

63   The defendants, acting under color of federal law, intend to execute the Plaintiff despite the Unconstitutional breakdown in the Safeguards put in place under Gregg v. Georgia. When the Supreme Court decision in 1976 upholding the Constitutionality of the Death Penalty was handed down it " relied heavily on the belief that adequate procedures were in place that would avoid the danger of discriminatory application identified by Justice Douglas' opinion in Furman, id., at 240-257, 96 S.Ct. 2726, 33 L.Ed. 2d 346 (concurring opinion), of arbitrary application identified by Justice Stewart, id., at 306, 92 S.Ct. 2726, 33 L.Ed. 2d 346  (same), and of excessiveness identified by Justices Brennan and Marshall. The " disgraceful distorting effects of racial discrimination and poverty continue to be painfully visible in the imposition of death sentences." See Godfrey v. Georgia, 64 L.Ed. 2d 398, 446 U.S. 420; In Plaintiff Fields' case there were jurors that equivocated that " Black males are violent "; " Black people blame too many of their problems on race "; " A group of " Blacks " jumped on my daughter and my son-in-law "; " A Black person lied on me before ", etcetera, etcetera, etcetera, in an Actual innocence case where a bias Judge forced Fields to proceed Pro Se and the Prosecutor struck five of the only six black jurors and kept the one Black juror with ties to law enforcement. And if that isn't enough racial animus, Plaintiff winds up with an appellate Judge that is also racist; The SAFEGUARDS, or No SAFEGUARDS could protect the Plaintiff from that. There is no doubt that Fields' sentence was arbitrarily and capriciously imposed and upheld in violation of Furman v. Georgia, (1972) 408 US 238, 33 L.Ed. 2d 346, 92 S.Ct. 2726. In a concurring opinion by Mr. Justice Douglas, it was stated that a penalty should

be unusually imposed if it is administered arbitrarily or discriminatorily. No one can honestly say that the Death penalty isn't being arbitrarily and discriminatorily imposed as laid out Supra; Since the opinion in Gregg innocent people have been executed (murdered), and there is no doubt that there are more innocent people sitting on Death Row waiting to be murdered for crime(s) that they DID NOT commit; This violation of Due Process is Cruel and Unusual punishment which " shocks the conscience." Imagine Cameron Todd Willinghams fright and terror as he was being strapped to the gurney; Imagine his loved ones unbearable pain. Even in comparison with the guilty on death row, the remedy would and could be Life in prison for the truly guilty, Mr. Willingham and those like Mr. Willingham, to include the Plaintiff Sherman Lamont Fields, they can't be brought back from Death, making this unique punishment the only law that allows ( police, prosecutors, and witnesses ) to get away with Murder; That within itself is Unconstitutional and in violation of Marbury v. Madison; Supra. The SAFEGUARDS put in place in Gregg v. Georgia can no longer be deemed " adequate ", making the Death Penalty Unconstitutional.

VII.

### THIRD CLAIM: EIGHTH AMENDMENT VIOLATION-DELIBERATE INDIFFERENCE

64. Plaintiff incorporate by reference the allegations of paragraphs 1-63

65. The Eighth Amendment forbids " deliberate indifference " to the law, and to a substantial risk of serious harm to an inmate. Farmer v. Brennan, 511 U.S. 825, 834 (1994)

66. As stated above the 1976 decision upholding the Constitutionality of the death penalty was handed down with the " belief that adequate procedures were in place that would avoid the danger of discriminatory application; See Gregg v. Georgia; Supra. Evidence and recent history have proven that that is not the case. Pre Gregg had the Court known about the Unconstitutional murders of the innocent via lethal injection the death penalty would have unquestionably remained Unconstitutional. But hindsight is 20/20, we can't correct the past we can only prevent the future from continuing to go wrong. The defendants insistance upon carrying out these unconstitutional executions despite the breakdown in the SAFEGUARDS and the scriptures of Gregg and its progency violate the Plaintiffs rights, secured and guaranteed to him by the Eighth Amendment of the United States Constitution to be free from deliberate indifference, such arbitrary and capricious action violate the United States Constitution.

67. In the Capital context where the penalty is not reversible once carried out one cannot be deliberately indifferent to a defendants life as the defendants are here. " Death is different " ; States must ensure the penalty is reliably imposed, and decades of evidence reveal that they cannot. Gregg, 438 U.S. at 188; The defendants being deliberately indifferent is a microcosm of the problems with the death penalty as a whole.

68. The President of the United States, Donald J. Trump and "his" Attorney General is supposed to be " above the fray " when it come to personal attacks and vendettas against the American people; the very people that they both took an oath to serve and protect, yet Trump and Barr have both shown that that is not the case; ( Trump with his vicious attacks on multiple American citizens ) and ( Barr with his disparaging of law enforcement and his own Department of Justice in order to protect Trump ). Now that they've been given free reign to violate their oath(s) of office, both have now elevated their official misconduct to murder, disguised  as " Justice ".

69. The Chronology of events in which their retaliatory acts may be inferred is ' sufficiently serious '; Farmer v. Brennan, Supra, (quoting) Wilson v. Seiter, 501 U.S. 294, 298, 115 L.Ed. 2d 271, 111 S.Ct. 2321 (1991). Murder by those that swear to protect and serve is intentional and rise to the level of deliberate indifference.

## VIII.

### FOURTH CLAIM: FOURTEENTH AMENDMENT VIOLATION-DENIAL OF EQUAL RIGHTS

70. Plaintiff Incorporate by reference the allegations of paragraphs 1-69.

71. The Equal Protection Clause grants to all Americans the " right to be free from Invidious discrimination in statutory classifications and other government activity." Harris v. McRae, 448 U.S. 279, 322, 100 S.Ct. 2671, 65 L.Ed. 2d 784 (1980) " Equal Protection principles command that No State or the Federal Government "" shall deny to any person within its jurisdiction the equal protection

18

OF THE LAWS," WHICH IS ESSENTIALLY A DIRECTION THAT ALL PERSONS SIMILARLY SITUATED SHOULD BE TREATED ALIKE." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)(citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). President Trump and Attorney General Barr are both Chief law Enforcement officers of the United States whose Authority and jurisdiction govern Federal Convictions and sentences and as such they have the right to execute and/or vacate sentences within the meaning of the law. Both Trump and Barr have equivocated that Several Federal defendants ( which just so happen to be Trump's friends and Allies ) were treated " unfairly " by the Justice system and moved to vacate their Convictions and/or sentences, even those, or at least one that have admitted guilt; (i.e.) Michael Flynn.

72. Plaintiff, just like Trumps friends and Allies is a Federal Defendant under the Authority and Jurisdiction of both Trump and Barr. Since the standard bearer isn't the Nature of the alleged Federal crime, but rather " whether or not the Justice system was fair or " unfair " then Plaintiff is similarly situated as Trumps friends and Allies, being that the process for Plaintiff was "Unfair" as well. See Sherman Lamont Fields v. Warden, No. 2:16-cv-00418-JPH-MJD, Document 1, Filed 10/26/16. And where Trump Ally and Friend Michael Flynn pled guilty (twice), Plaintiff have consistently maintained his innocence and the evidence proves said innocence. The Equal Protection Clause demands that Plaintiff be treated in a similar manner to Trumps friends and Allies.

73. President Trump have shown that he has an implicit bias towards " People of color,". Plaintiff believes that this racial animus combined with the fact that Plaintiff wrote the Book and Movie about him is the reason why Trump and Barr have refused to provide Plaintiff with the Equal Protection of the laws that was provided to Trumps friends and Allies. Williams v. Bramer, 180 F.3d at 706; Bell v. City of Milwaukee, 746 F.2d 1205, 1259 (7th Cir. 1984). Notably, Michael Flynn is of caucasian descent, Plaintiff is " of color " African American, they're both under the authority and Jurisdiction of Trump, Barr and the federal government and Plaintiff was treated unfairly throughout his criminal proceedings.

Trump and Barr both claim that Michael Flynn was treated " unfairly ", besides their race  the only difference between the two is that Michael Flynn pled guilty and the Plaintiff has always maintained his innocence. Yet the " guilty party " is the one that get his conviction vacated, According to Trump and Barr. Thus it's apparent that Plaintiff was purposefully treated differently because of his race; See Washington v. Davis, 426 U.S. 229, 239–42, 48 L.Ed. 2d 597, 96 S.Ct. 2040 (1976); Indianapolis Minority Contractors Ass'n, Inc. v. Wiley, 187 F.3d 743, 752 (7th Cir 1999)

IX.

## FIFTH CLAIM: CRIMINAL STATUTE VIOLATIONS-CONSPIRACY-CRIMINAL MALVERSION; MODEL PENAL CODE § 5.01

74. Plaintiff incorporate by reference the allegations of paragraphs 1-73.

75. The Chronology of events as described Supra infer criminal intent; (1) Plaintiff wrote a book and a Movie that ultimately ended up in the hands of Trumps friends and Allies; (2) Trump attacks everyone that write a book about him and/or who oppose him.   (3) William Barr have shown that he will do and/or say anything to protect Trump; (4) After the prosecution takes Plaintiffs' Counter offer up the " chain of command " to the DOJ their "offer" went from ( We might be willing to throw out the Death Penalty if Plaintiff agree not to challenge the carjacking ) to ( We want you to "admit guilt" and " Give us a statement"); (5) Plaintiff rejected that "offer" and William Barr starts the Federal Death Penalty back up after 17-years claiming that he's doing it for " the victims family," despite the fact that the first one executed, Daniel Lewis Lee's victim family expressly said that they didn't want Lee executed;   (6) Plaintiff is on a list of 13 inmates to be "executed" before and/or if Trump lose the election, although the government have conceded that Plaintiffs' death sentence is invalid, AND Plaintiff have a pending Actual Innocence petition;   (7) Trump and William Barr press to get a guilty Federal defendants' conviction vacated because it was "unfair", but press to murder Plaintiff, who's innocent and his conviction was "unfair" as well, and the only difference between the two defendants besides the fact that Plaintiff is innocent and Flynn is guilty is the obvious, one is African American and the other one is white; One is Trumps' friend and one opposes Trump.

76. The Chronology of events infer that Trump and Barr's actions encompass a broad category of corrupt official practices; Jimenez v. Aristeguieta, C.A., Fla., 311 F.2d 547, 562, not the least of them being the criminal act of conspiracy to Murder the Plaintiff.

77. Title 18 U.S.C. § 371 holds that " If two or more persons conspire either to commit any offense against the United States, or to defraud the United States or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this Title or imprisoned not more than five years or both. "

78  Attorney General William Barr " restarted the Federal Death penalty back up "
after almost 17-years and put the innocent Plaintiff on the list to be Murdered in
order to " effect  the object of the conspiracy "; Some jurisdictions do not require
an overt act as an element of the crime., e.g. Com. v. Harris, 232 Mass. 588, 122
N.E. 749. And the defendants attempt to conceal their true motive by claiming
that they are extracting "justice" has all actual consequences and all legal
effects of actual Fraud. Agair Inc. v. Shaeffer, 232 Cal. App.. 2d 513, 42 Cal. Rptr.
883, 886. " Breach of legal or equitable duty which irrespective of moral guilt, is
declared by law to be fraudulent because of its tendency to deceive others or
violate confidence ." Daves v. Lawyers Sur. Corp., Tex. Civ. App. 459 S.W. 2d 655, 657.

79 . Because of the defendants actions Plaintiff is in immediate danger of sustaining
a direct injury as a result of their official conduct. Such arbitrary and capricious
action violates Criminal law.

## X.

## PRAYER FOR RELIEF

80 . In order to prevent the defendants from violating the Plaintiffs' rights
under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution
and violating Criminal law,  and  the  Scriptures of Gregg v. Georgia
and its progency, the Plaintiff request that this Court grant preliminary and
permanent injunctive relief barring the defendants from murdering Plaintiff by means
of lethal injection.

81 . The Plaintiff is entitled to a preliminary injunction barring the defendants
from murdering him because (A) there is a significant likelihood that Plaintiff
will prevail on the merits; (b) the Plaintiff will suffer irreparable harm if he
is murdered via lethal injection; (c) there is a compelling public interest in
ensuring that our government not behave like dictators and use a legal punishment in
an illegal manner; (d) The defendants intended actions is violative of our Nations
Constitutional proscriptions against Cruel and unusual punishment; (e) there is a
substantial possibility that the American people will lose faith in our Justice system
if the defendants are allowed to proceed with this Unconstitutional murder; and (f)
there is a substantial  possibility that others under a sentence of death will
suffer unconstitutional  executions like those that were innocent when they were
executed unless this  Court require the defendants to halt these executions until
new SAFEGUARDS can  be adopted .

82. The Plaintiff do not seek relief herein as a means of attacking his underlying conviction or death sentence; rather than seeking to stop his murder per se, he seek to stop the defendants from executing him in a criminal manner and with that state of mind, disguised as "justice", and in which violates his Constitutional and statutory rights; The plaintiff seek to stop executions amid the BREAKDOWN OF THE SAFEGUARDS that violate the Constitution.

83. The Plaintiff further request that this Court grant declaratory relief by issuing an Order declaring that the defendants intentions regarding execution violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and violate Criminal Law, and the SAFEGUARDS put in place under Gregg v. Georgia.

84. The Plaintiff request that this Court appoint Counsel to represent Plaintiff in this Action and grant reasonable attorney fees pursuant to 42 U.S.C. § 1988 and the laws of the United States.

85. The Plaintiff request that the Court grant such further relief as it deems just and proper.

Dated: August 9, 2020

Respectfully Submitted

*Sherman Lamont Fields*  9/14/20
Sherman Lamont Fields

#15651-180

USP Terre Haute

P.O. Box 33

Terre Haute, Indiana

47808

Pro Se.

SHERMAN FIELDS
#15651-180
USP TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, INDIANA
47808

9114 9023 0722 4293 0896 23

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

Label 400  Jan. 2013
7690-16-000-7948

28 C.F.R. 540.18

SPECIAL MAIL

SPECIAL/LEGAL MAIL

SPECIAL MAIL

UNITED STATES DISTRICT JUDGE
TANYA CHUTKAN
FEDERAL DISTRICT COURT
UNITED STATES DISTRICT COURT OF DC
333 CONSTITUTION AVE., NW
WASHINGTON, DC 20001



ZIP 47802
02 1W
0004887589

$ 000.00

US OFFICIAL MAIL

