UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERMAN LAMONT FIELDS,

    *Plaintiff*,

   v.

JOSEPH R. BIDEN,[1]
President of the United States, *et al.*,

    *Defendants*.

Civil Action No. 20-2699 (JEB)

## MOTION TO STAY

Defendants respectfully move to stay proceedings in this case in light of ongoing developments regarding Plaintiff Sherman Fields's death sentence. Defendants propose to submit a status report to the Court within 30 days after Fields is due to be resentenced. That would make the status report due on or before **May 7, 2021**. In support of this motion, Defendants state as follows:

1. Fields brought this action pro se on September 22, 2020, seeking an injunction preventing the government from carrying out his death sentence. Compl. ¶¶ 80–83, ECF No. 1.[2] Defendants' response to the complaint is currently due on February 22, 2021.

---

[1] President Joseph Biden is automatically substituted as a defendant in place of his predecessor in office. *See* Fed. R. Civ. P. 25(d).

[2] On December 8, 2020, the court docketed a motion to intervene filed pro se by Dustin Higgs. ECF No. 8. That motion does not appear to have been served on the government. Higgs was executed on January 16, 2021, following substantial litigation in which he was represented by counsel. *See In re Fed. Bureau of Prisons Execution Litig.*, No. 19-0145 (D.D.C. Jan. 12, 2021), ECF No. 395 (enjoining Higgs's execution); *In re Fed. Bureau of Prisons Execution Litig.*, No. 21-5004 (D.C. Cir. Jan. 14, 2021) (vacating the injunction); *Johnson v. Rosen*, No. 20A131 (U.S. Jan. 14, 2021) (denying Higgs's application for a stay of execution); *Fed. Capital Habeas Project v. Barr*, No. 20-3742 (D.D.C. Jan. 13, 2021), ECF No. 20 (granting Higgs limited injunctive relief); *United States v. Higgs*, No. 20-0018 (4th Cir. Jan. 13, 2021) (staying Higgs's execution); *United States v. Higgs*, No. 20-0927 (U.S. Jan. 15, 2021) (vacating the 4th Circuit's stay); *Higgs v. Watson*, No. 20-0665 (S.D. Ind. Jan. 12, 2021) (denying motion to stay execution); *Higgs v. Watson*, No. 21-1073 (7th Cir. Jan. 15, 2021) (affirming the district court).

2. In 2001, Fields escaped federal custody; murdered his ex-girlfriend, Suncerey Coleman; and hijacked a car at gunpoint. *United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014). A jury convicted him of seven counts, including using and carrying a firearm during and in relation to escape from federal custody and conspiracy to escape from federal custody, resulting in the intentional murder of Coleman in violation of 18 U.S.C. § 924(c)—a crime punishable by death. *Id.* at 324; 2d Superseding Indictment, *United States v. Fields*, No. 01-0164 (W.D. Tex. May 13, 2003), ECF No. 57. A jury recommended that Fields be sentenced to death on that count, and a federal judge accepted the recommendation. *Fields*, 483 F.3d at 324.

3. Subsequently, in *United States v. Davis*, the Supreme Court ruled that § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. 2319, (2019). On January 11, 2021, the government and counsel for Fields submitted a joint advisory in Fields's criminal case stating that the holding in *Davis* requires that Fields's death sentence be vacated. *Fields*, No. 01-0164 (W.D. Tex. Jan. 11, 2021), ECF No. 409. On January 19, 2021, the court vacated Fields's death sentence and scheduled a resentencing conference for April 7, 2021. *Id.*, ECF No. 412.

4. In light of these ongoing developments regarding Fields's death sentence, which is the sole subject of his challenge in this action, it would be economical to stay further proceedings at this time. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.,* 229 U.S. 248, 254 (1936), and a party may be required "to submit to delay not immoderate in extent and not oppressive in its consequences if . . . convenience will thereby be promoted," *id.* at 256. Defendants propose that they submit a status report to the Court within 30 days of the date on which Fields is due to be resentenced with

a proposal for further proceedings. The resentencing is currently set for April 7, 2021. Thus, the report would be due on or before May 7, 2021.

5.      Counsel for Defendants did not confer with pro se Plaintiff Fields about this motion because Fields is incarcerated and such a conference would be impracticable.

Dated:  February 17, 2021
        Washington, D.C.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:  __/s/ Johnny Walker__
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendants*