UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERMAN LAMONT FIELDS,<br><br>*Plaintiff*,<br><br>v.<br><br>JOSEPH R. BIDEN, President,<br>United States of America, *et al.*,<br><br>*Defendants*. | Civil Action No. 20-2699 (JEB) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

CHANNING D. PHILLIPS
*Acting United States Attorney*

BRIAN P. HUDAK
*Acting Chief, Civil Division*

JOHNNY H. WALKER
*Assistant United States Attorney*

United States Attorney's Office
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
johnny.walker@usdoj.gov

August 9, 2021                          *Counsel for Official-Capacity Defendants*

# CONTENTS

*Page*

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................. 2

      A.     Fields's Criminal Conviction ................................................................. 2

      B.     Procedural History ............................................................................... 3

STANDARDS .................................................................................................................. 5

      A.     Rule 12(b)(1) ........................................................................................ 5

      B.     Rule 12(b)(5) ........................................................................................ 5

      C.     Rule 12(b)(6) ........................................................................................ 6

ARGUMENT ................................................................................................................... 6

I.     Fields has not effected service of summonses on the new defendants. ............................ 6

II.    Claims against Judge Jones and the Fifth Circuit Court of Appeals fail. ........................... 7

III.   Fields cannot sue the Supreme Court.................................................................. 8

IV.   Oaths of office do not give rise to contract obligations. ..................................... 9

CONCLUSION ................................................................................................................ 10

# **AUTHORITIES**

*Page(s)*

## **Cases**

*Am. Nat'l Ins. Co. v. FDIC*,
642 F.3d 1137 (D.C. Cir. 2011) ................................................................................. 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................ 6

*Caldwell v. Obama*,
6 F. Supp. 3d 31 (D.D.C. 2013) ............................................................................... 9

*Circuit. Williams v. Hill*,
74 F.3d 1339 (D.C. Cir. 1996) ................................................................................. 8

*Clements v. Gonzales*,
496 F. Supp. 2d 70 (D.D.C. 2007) ......................................................................... 8-9

*Forrester v. White*,
484 U.S. 219 (1988) ................................................................................................ 8

*Hall v. Robinson*,
618 Fed. App'x 759 (5th Cir. 2015) ........................................................................ 7

*Hatfill v. Gonzales*,
519 F. Supp. 2d 13 (D.D.C. 2007) ........................................................................... 8

*Heck v. Humphrey*,
512 U.S. 477 (1994) ............................................................................................ 1, 7

*Henke v. U.S. Dep't of Commerce*,
83 F.3d 1445 (D.C. Cir. 1996) ................................................................................. 9

*Herbert v. Nat'l Acad. of Scis.*,
974 F.2d 192 (D.C. Cir. 1992) ................................................................................. 5

*Kim v. United States*,
632 F.3d 713 (D.C. Cir. 2011) ................................................................................. 8

*Kissi v. United States,*
Civ. A. No. 12-1765, 2012 WL 5382898 (D.D.C. Oct. 31, 2012) ............................ 7

*Lawrence v. Acree*,
79 F.R.D. 669 (D.D.C. 1978) .................................................................................. 7

*Light v. Wolf*,
816 F.2d 746 (D.C. Cir. 1987) ................................................................................. 5

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ................................................................................................ 5

*McNealy v. Becnel*,
Civ. A. No. 142181, 2015 WL 3466010 (E.D. La. May 29, 2015)(1) ...................... 6

*Papasan v. Allain*,
478 U.S. 265 (1986) ........................................................................................... 6

*Rochon v. Dawson*,
828 F.2d 1107 (5th Cir. 1987) ...................................................................... 6-7

*Simpkins v. D.C. Gov't*,
108 F.3d 366 (D.C. Cir. 1997) ........................................................................ 7

*Sindram v. Suda*,
986 F.2d 1459 (D.C. Cir. 1993) ...................................................................... 8

*Miller v. Harris*,
599 F. App'x 1 (D.C. Cir. 2015) ..................................................................... 8

*United States v. Davis*,
139 S. Ct. 2319 (2019) ............................................................................ 3, 4, 5

*United States v. Fields*,
483 F.3d 313 (5th Cir. 2007) ........................................................................... 2

*United States v. Fields*,
761 F.3d 443 (5th Cir. 2014) ....................................................................... 2, 3

## Statutes

18 U.S.C. § 924 ........................................................................................................ 2

## Rules

Fed. R. Civ. P. 4 ................................................................................................... 5, 7
Fed. R. Civ. P. 5 ...................................................................................................... 6
Fed. R. Civ. P. 12 ................................................................................................ 5, 6

**<u>INTRODUCTION</u>**

Plaintiff Sherman Lamont Fields, who is proceeding pro se, originally brought this action seeking to enjoin his execution. After the criminal court vacated his death sentence because of an intervening Supreme Court decision, he filed an amended complaint that totally reinvents his case. He now attacks certain actions taken by the United States Court of Appeals for the Fifth Circuit during his request for a certificate of appealability on his habeas petition. He accuses one of the judges on that court of racial animus, charges the Supreme Court with failing to adequately "supervise" the Circuit, and alleges that a former President and members of Congress have breached their oaths of office—which Fields believe formed a contract with him—by supporting the death penalty.

These claims fail for many reasons. First, Fields has not served process on any of the new defendants. This service requirement of Federal Rule of Civil Procedure 4 cannot be avoided by adding defendants though amendment. Second, for a myriad of reasons, Fields cannot use a civil action to challenge actions taken by another federal court: this court lacks subject matter jurisdiction to review the final determinations of other courts; *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the use of a civil claim to imply the invalidity of a criminal conviction; judges of the Fifth Circuit are absolutely immune from lawsuits predicated on acts taken in a judicial capacity; and Fields cannot seek declaratory relief through *Bivens*. Third, Fields cannot obtain review in this Court of actions taken (or not taken) by the Supreme Court. And finally, an oath of office does not give rise to a contract, nor can it otherwise support a cause of action. For these reasons, the Court should dismiss the amended complaint.

**BACKGROUND**

A.    Fields's Criminal Conviction

In 2001, Fields escaped federal custody; murdered his ex-girlfriend, Suncerey Coleman, and hijacked a car at gunpoint. *United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014). A jury convicted him of seven counts, including using and carrying a firearm during and in relation to escape from federal custody, as well as conspiracy to escape from federal custody, which resulted in the intentional murder of Coleman in violation of 18 U.S.C. § 924(c)—a crime punishable by death. *Id.* at 324; *see also* 2d Superseding Indictment, *United States v. Fields*, Crim. No. 01-0164 (W.D. Tex. May 13, 2003), ECF No. 57. A jury recommended that Fields be sentenced to death on that count, and a federal judge accepted the recommendation. *United States v. Fields*, 483 F.3d 313, 324 (5th Cir. 2007). The conviction and sentence were affirmed on direct appeal. *Id.*

Fields thereafter sought to vacate his conviction via several habeas motions, which raised a total of forty-nine claims *Fields*, 761 F.3d at 451. The district court denied Fields's motions and concluded that a certificate of appealability should not issue. *Id.* Fields then filed additional motions, including a motion to vacate or amend the district court's order, all of which motions the district court denied. *Id.*

Fields then sought a certificate of appealability from the Fifth Circuit. During those proceedings, Fields filed a paper styled as a "motion to proceed *pro se*" in which he requested leave to file a brief on behalf of himself. *See* Fields's Mot., *United States v. Fields*, No. 13-70025 (5th Cir. Sept. 26, 2013). After speaking to Fields, Fields's counsel informed the court that Fields did not wish the court to relieve him of counsel, only to permit Fields to file an additional brief on his own behalf, in addition to any brief filed by counsel. *See* Ellis's Resp., *Fields*, No. 13-70025 (5th Cir. Oct. 7, 2013). Relying on that representation by counsel, the court denied Fields's motion to proceed pro se. *See* Order, *Fields*, No. 13-70025 (5th Cir. Oct. 23, 2013). The court thereafter

2

declined to take any action on documents subsequently filed by Fields, noting that only his attorney could file papers on his behalf. *See* Letter, *Fields*, No. 13-70025 (Oct. 30, 2013).

Later in the proceedings, Fields, through counsel, sought to disqualify Judge Edith Jones on grounds that Judge Jones had delivered public remarks suggesting that she lacked impartiality on matters of race, was biased against death-row inmates challenging their convictions on the basis of mental disabilities, was dismissive of claims of innocence, and was critical of the Supreme Court's death penalty jurisprudence. ECF No. 19 at 60–64. The public remarks that served as the basis for that motion were also the subject of a judicial misconduct complaint against Judge Jones. *See* https://go.usa.gov/xFU2y (collecting decisions related to that complaint). The complaint was referred to the Judicial Council of the District of Columbia Circuit, which dismissed it. *Id.* The Judicial Conduct and Disability Committee of the Judicial Conference of the United States affirmed the dismissal. *Id.* Similarly, the Fifth Circuit denied Fields's motion to disqualify Judge Jones. *See* Order, *Fields*, No. 13-70025 (5th Cir. Feb. 27, 2013). Fields sought reconsideration, which was also denied. *See* Order, *Fields*, No. 13-70025 (5th Cir. Apr. 22, 2014).

The Fifth Circuit ultimately denied Fields a certificate of appealability. *Fields,* 761 F.3d at 449–50.

    B.      <u>Procedural History</u>

Fields filed this action pro se on September 22, 2020, seeking an injunction preventing the government from carrying out his death sentence. Compl. ¶¶ 80–83, ECF No. 1. Subsequently, on January 11, 2021, the government and counsel for Fields submitted a joint advisory in Fields's criminal case stating that the holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), required that Fields's death sentence be vacated. *Fields*, No. 01-0164 (W.D. Tex. Jan. 11, 2021), ECF

3

No. 409. Accordingly, on January 19, 2021, the criminal court vacated Fields's death sentence and scheduled a resentencing conference for April 7, 2021. *Id.*, ECF No. 412.

In light of these developments, this Court stayed proceedings in this case. On April 7, 2021, Fields was resentenced and is no longer sentenced to death. Judgment, *Fields*, No. 01-0164 (W.D. Tex. Apr. 7, 2021), ECF No. 418. Following Fields's resentencing, undersigned counsel for Defendants contacted Fields's criminal defense counsel—who does not represent Fields in connection with this case—to inquire whether Fields would stipulate to a dismissal. Fields's counsel, as a courtesy, conferred with Fields and conveyed his position that he would not stipulate to the dismissal and would be submitting a filing that more fully explains his position.

On June 7, 2021, Fields filed in this Court an "amended petition," removing the request to enjoin his execution and purporting to bring new claims against Donald Trump as a private citizen, Judge Edith Jones of the United States Court of Appeals for the Fifth Circuit, the Fifth Circuit as a whole, the Supreme Court of the United States, and Congress. Am. Compl., ECF No. 19. Fields purports to bring claims under *Bivens*, for breach of contract, and for "violating the constitution." *Id.* at 2.[1] He seeks a declaratory judgment and money damages in the amount of one billion dollars. *Id.*

Fields's amended pleading centers around his contention that he is innocent and his disagreement with certain rulings by the trial judge and court of appeals in his criminal case. Am. Compl. at 9–34. In particular, he alleges that certain decisions by the United States Court of Appeals for the Fifth Circuit were tainted by racial animus on the part of one of the judges on the panel that heard his case. *Id.* at 7–9. He sues that judge along with the entire Fifth Circuit Court of

---

[1]     Page citations in Fields's amended pleading refer to the page numbers automatically generated by the ECF filing system and displayed in the upper-right corner of the page.

Appeals, *id.*, as well as the United States Supreme Court for failing to "supervise" the Fifth Circuit, *id.*, at 39–42. Finally, Fields also sues the former President of the United States and "Congress" for alleged violations of their oaths of office. *Id.* at 43–45. The former allegedly violated that oath by seeking to "murder the Plaintiff for writing a book and a movie about him" and for supporting the scheduling of federal executions *Id.* at 44. Congress allegedly violated the oath of office by "refus[ing] to hold Donald Trump accountable," for supporting the scheduling of federal executions, and by "support[ing] laws that separate Plaintiff from his loved one's [*sic*]" and that allow for the death penalty. *Id.*

## **STANDARDS**

### A.    Rule 12(b)(1)

Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B.    Rule 12(b)(5)

A party can move the court to dismiss a complaint under Rule 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

C.      Rule 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the text of the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## ARGUMENT

### I.      Fields has not effected service of summonses on the new defendants.

Fields's claims against the new defendants must be dismissed because he had failed to serve those new defendants with process. Under Federal Rule of Civil Procedure 5, if a plaintiff files an amended complaint, he must serve it on every party. *See* Fed. R. Civ. P. 5(a)(1)(B) ("[E]ach of the following papers must be served on every party: . . . a pleading filed after the original complaint."). In addition, "[f]or any defendants who [the p]laintiff has not yet properly served, he must serve them with the summons, complaint, and amended complaint." *McNealy v. Becnel*, Civ. A. No. 14-2181, 2015 WL 3466010, at *3 (E.D. La. May 29, 2015) (citing Fed. R. Civ. P. 4(c)(1)); *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (upholding the district court's

6

dismissal for failure to prosecute where the plaintiff, proceeding in forma pauperis, did not request that the U.S. Marshals serve a defendant with a summons and the amended complaint); *Hall v. Robinson*, 618 Fed. App'x 759, 762 (5th Cir. 2015) (upholding the district court's dismissal where the plaintiff did not serve a summons and the amended complaint on a newly named defendant). As a result, if an amended complaint names a new defendant, the plaintiff must serve that defendant with the summons and amended complaint in compliance with Rule 4. Fields's failure to do so here warrants dismissal of the amended complaint.[2]

## II.   Claims against Judge Jones and the Fifth Circuit Court of Appeals fail.

Citing disagreements with decisions made during his criminal trial and collateral proceedings, Fields sues Judge Jones and the Fifth Circuit seeking money damages and a declaration that his constitutional rights have been violated. This claim fails for a litany of reasons. First, it is well-settled that "[a] federal district court is not a reviewing court and, thus, lacks subject matter jurisdiction to review the final determinations of other courts." *Kissi v. United States*, Civ. A. No. 12-1765, 2012 WL 5382898, at *1 (D.D.C. Oct. 31, 2012). Second, Fields's claims are barred by *Heck*, 512 U.S. at 477, which held that a plaintiff cannot pursue a civil claim where the recovery on that claim would imply the invalidity of a criminal conviction unless the plaintiff first establishes that the conviction has been overturned. The holding of *Humphrey* has been extended

---

[2]   The official capacity Defendants note that Fields has also failed to serve any defendant in an individual capacity. An individually-sued defendant must be served with process in accordance with rules applicable to individual defendants. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997). Rule 4 generally requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Fed. R. Civ. P. 4(e)(2). Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official-capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity." *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978).

to apply to *Bivens* actions in this Circuit. *Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996). Fields has not established that his conviction has been overturned, and his civil action must therefore be dismissed. Third, Judge Jones is absolutely immune from lawsuits predicated on acts taken, as alleged here, in her judicial capacity. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Finally, Fields cannot obtain through a *Bivens* suit the declaratory relief that he seeks. Declaratory relief may not be obtained from a government official in her individual capacity. "[T]here is no basis for suing a government official for declaratory and injunctive relief in his or her individual or personal capacity." *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26 (D.D.C. 2007) And a *Bivens* action can only be brought against government officials in such an individual capacity. *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) ("It is well established that Bivens remedies do not exist against officials sued in their official capacities."). Consequently, any effort by Fields to obtain declaratory relief through *Bivens* must fail.

### III.    Fields cannot sue the Supreme Court.

Fields purports to sue the Supreme Court of the United States for not properly "supervising" the Fifth Circuit. The precedent in this Circuit is clear, however, that federal district courts "lack[] jurisdiction to review decisions of the United States Supreme Court." *Miller v. Harris*, 599 F. App'x 1 (D.C. Cir. 2015) (citing *In re Marin*, 956 F.2d 339, 340 (D.C. Cir.1992)). And the Supreme Court Clerk and Clerk's office staff enjoy absolute immunity from a lawsuit for money damages based upon decisions falling within the scope of their official duties. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam). Also, to the extent Plaintiff contends he has been deprived of a constitutionally protected interest in the Supreme Court not taking his case, "the Supreme Court has conclusively held that 'there is, of course, no constitutional right to an appeal.'" *Clements v. Gonzales*, 496 F. Supp. 2d 70, 75 (D.D.C. 2007), *aff'd sub nom. Clements v.*

8

*Mukasey*, Civ. A. No. 08-5065, 2008 WL 4898961 (D.C. Cir. July 11, 2008) (discussing Supreme Court rule that petitions for writs of certiorari and mandamus are "not a matter of right, but of judicial discretion") (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).

**IV.    Oaths of office do not give rise to contract obligations.**

Finally, Fields brings what he styles as a "breach of contract" claim based on alleged violations of the oath of office by the judges of the Fifth Circuit, the Supreme Court, the former President of the United States, and members of Congress. This action plainly fails for two reasons. First, Fields has not even come close to alleging the essential elements of a binding contract: mutual assent to all essential terms of the contract and intent to be bound. *See Henke v. U.S. Dep't of Commerce*, 83 F.3d 1445, 1450 (D.C. Cir. 1996). Second, it is clear that "[t]he oaths that government officials take in assuming their office do not create any private right of action." *Caldwell v. Obama*, 6 F. Supp. 3d 31, 47 (D.D.C. 2013). For these reasons, Fields's breach of contract claim fails.

*    *    *

9

## **CONCLUSION**

For the foregoing reasons, Fields's claims against the Defendants in their official capacities should be dismissed.


Dated:  August 9, 2021
        Washington, D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Official-Capacity Defendants*

10