UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERMAN LAMONT FIELDS, <br> *Plaintiff,* <br> v. <br> JOSEPH R. BIDEN, President, <br> United States of America, *et al.,* <br> *Defendants.* | Civil Action No. 20-2699 (JEB) |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Sherman Fields's attempt to sue courts and Congress over the unfavorable outcome in his criminal case is misguided. As shown in Defendants' opening brief, such claims suffer a litany of legal defects requiring dismissal. Fields's opposition brief does not adequately rebut (and in some instances concedes) those points. According, the Court should dismiss the amended complaint.

### I.      Fields has not served the new defendants.

Fields's attempt to bring new defendants into this case fails because he did not serve them with the pleadings and summons, as required by the Federal Rules. Defs.' Br. at 6–7. Fields contends that the new defendants were referred to as "John Does" in his original complaint, and he served in that capacity with the amended complaint through undersigned counsel. Pl.'s Br. at 15. For several reasons, Fields's effort to avoid his service obligation fails. *First*, it is disingenuous for Fields to assert that Congress, the Supreme Court, and Judge Edith Jones were among the parties whose identities he alleged that he did not know and who "ha[d] not revealed their identities" at the time he filed his original complaint. *See* Compl. ¶ 18. There is nothing secret about the identities of the Supreme Court, Congress, and the judges on the Fifth Circuit who decided Fields's criminal appeal. *Second*, whatever Fields's intent with respect to the "John Does"

in his original complaint, undersigned counsel clearly had not entered an appearance on behalf of the specific new defendants named in the original complaint. Thus, Fields may not effectuate service on those previously unnamed parties simply by sending a copy of the amended complaint to undersigned counsel. *Finally*, Fields served undersigned counsel only with a copy of the amended complaint. But he does not even attempt to show that he served any of the new defendants with a summons as required by Federal Rule of Civil Procedure 4(c). Fields's amended complaint should therefore be dismissed for failure to serve process. *See* Fed. R. Civ. P. 12(b)(5).

**II.      Claims against Judge Jones and the Fifth Circuit Court of Appeals fail.**

Defendants noted two bases for dismissing Fields's claims against Judge Jones and the Fifth Circuit Court of Appeals. *First*, the Court lacks subject matter jurisdiction to review the final determinations of other courts. Defs.' Br. at 7 (citing *Kissi v. United States*, Civ. A. No. 12-1765, 2012 WL 5382898, at *1 (D.D.C. Oct. 31, 2012)). Fields has not responded to this argument, and the Court may treat it as conceded. *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) ("[Local Rule 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.").

*Second*, Fields's claims are barred by *Heck v. Humphreys*. Defs.' Br. at 7–8 (citing 512 U.S. 477 (1994); *Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996)). Fields contends that *Heck* "is in conflict with the Constitution and must be repealed and/or overturned." Pl.'s Br. at 8. But this Court plainly cannot overturn the decisions of the Supreme Court.

*Third*, Judge Jones is absolutely immune from lawsuits predicated on acts performed in her judicial capacity. Defs.' Br. at 8 (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)). Without even attempting to distinguish the binding authorities cited by Defendants, Fields insists that the concept of immunity, in apparently any form,

2

is antithetical to the Constitution and federal statutes. Pl.'s Br. at 3–8. But while Fields may disagree with the concept of immunity, it is firmly established in *Forrester*, *Sindram*, and other precedential decisions that are binding on this Court.

*Finally*, Defendants showed that Fields cannot obtain declaratory relief through a *Bivens* action. Defs.' Br. at 8. *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26 (D.D.C. 2007) Again, Fields provides no response, and the Court should accept Defendants' argument as conceded. *Texas*, 798 F.3d at 1110.

### III.   Fields cannot sue the Supreme Court.

As shown, Fields's claims against the Supreme Court fail because federal district courts cannot review decisions by the Supreme Court, the Court's Clerk and staff enjoy absolute immunity from civil lawsuits based upon official actions, and there is no constitutional right to appeal to the Supreme Court. Defs.' Br. at 8–9. Fields contends that he does not challenge a single Supreme Court decision but instead brings a "first impression" case broadly alleging that the Supreme Court has failed to "supervise" the Fifth Circuit and specifically to grant him equal access to the Court. Pl.'s Br. at 11–12. Fields makes a distinction without a difference. Plainly, Fields seeks to have this Court second-guess the Supreme Court's actions with respect to his attempts to appeal his criminal and collateral cases to that Court, Am. Compl. at 38, as well as its decisions in cases brought by other death-sentenced federal inmates, *id.* at 37. As shown, however, federal district courts lack jurisdiction to invalidate or declare such actions unlawful.

### IV.   Oaths of office do not give rise to contract obligations.

Finally, Fields's "breach of contract" claims fail because he has not adequately alleged the existence of a binding contract and an oath of office cannot give rise to a cause of action. Defs.' Br. at 12–13. Fields insists that he is entitled to recover under "implied-in-law" contract theory. Pl.'s Br. at 12–13. To do so, Fields would have to show that he conferred a benefit on the named

defendants, they retained that benefit, and that the retention of the benefit is unjust under the circumstances. *Peart v. D.C. Hous. Auth.*, 972 A.2d 810, 813 (D.C. 2009). Fields has not even attempted to make such a showing.

**<u>CONCLUSION</u>**

For the foregoing reasons and the reasons set forth in Defendants' opening brief, Fields's claims against the Defendants in their official capacities should be dismissed.

Dated: October 2, 2021
      Washington, D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Official-Capacity Defendants*

4
