UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERMAN LAMONT FIELDS, <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 20-2699 (JEB) |

## MEMORANDUM OPINION

Federal prisoner Sherman Fields initially brought this *pro se* suit seeking to enjoin his execution. See ECF No. 1 (Compl.). When his death sentence was vacated in early 2021, he filed an Amended Complaint, this time naming former President Donald Trump, Fifth Circuit Judge Edith Jones, the entire Fifth Circuit, the Supreme Court, and Congress. See ECF No. 19 (Am. Compl.). He seeks to vacate his conviction and also asks for $1 billion in damages. Id. at 1. To support such requests, he asserts that the Fifth Circuit improperly denied him relief because of his race and failed to follow applicable law, id. at 6, 24; the Supreme Court did not exercise appropriate supervision over the "rogue" Fifth Circuit or provide Plaintiff with equal protection of the law, id. at 34, 38; and President Trump and Congress violated their oaths to uphold the Constitution. Id. at 42. Citing a litany of grounds, Defendants now move to dismiss, which the Court will grant.

**I.     Legal Standard**

Defendants' Motion invokes the legal standards for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). When a defendant brings a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the plaintiff "bears the burden of establishing

1

jurisdiction by a preponderance of the evidence." Bagherian v. Pompeo, 442 F. Supp. 3d 87, 91–92 (D.D.C. 2020) (quoting Didban v. Pompeo, 435 F. Supp. 3d 168, 172–73 (D.D.C. 2020)); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The Court "assume[s] the truth of all material factual allegations in the complaint and 'construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 552 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). While a plaintiff may survive a Rule 12(b)(6) motion even if "'recovery is very remote and unlikely,'" the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## II.     Analysis

Defendants have a surfeit of options to choose from in seeking to dismiss this action. The Court addresses a few briefly.

First, to the extent that Fields wishes this Court to reverse or review decisions by the Fifth Circuit or the Supreme Court upholding his conviction or sentence, he is out of luck. This Court "lacks subject matter jurisdiction to review the final determinations of other courts." Kissi v. United States, 2012 WL 5382898, at *1 (D.D.C. Oct. 31, 2012) (citations omitted). If Plaintiff

wishes to file a habeas action, he must name the warden of his current penal institution, and venue would lie in that federal district.

Second, he may not obtain damages from Judge Jones, any other Fifth Circuit judge, or the Supreme Court because he runs headlong into the doctrine of judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). The purpose of the doctrine is to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants," Forrester v. White, 484 U.S. 219, 225 (1988) (citation omitted) — precisely the case here. As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citation and internal quotation omitted).

Third, his claim against Trump and Congress based on their oaths of office does not advance, given that "[t]he oaths that government officials take in assuming their office do not create any private right of action." Caldwell v. Obama, 6 F. Supp. 3d 31, 47 (D.D.C. 2013). If he is somehow claiming that they violated a contract with him, he has not sufficiently alleged the elements of a breach-of-contract claim.

### III. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. An Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:   October 29, 2021